Filed 10/27/21  P. v. Olivarez CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>GABRIEL ISIDORE OLIVAREZ,<br><br>Defendant and Appellant. | C092178<br><br>(Super. Ct. Nos. STK-CR-FE-2009-0006398, SF111555A) |

Defendant Gabriel Isidore Olivarez appeals from the summary denial of his petition for resentencing under Penal Code section 1170.95.[1]  Defendant contends the trial court was required to appoint counsel and permit briefing prior to determining his eligibility for relief.  We agree that the trial court erred in summarily denying the petition

---

[1]  Undesignated statutory references are to the Penal Code.

1

without first appointing counsel, but hold the error was harmless because the record of conviction establishes defendant's ineligibility for relief as a matter of law.

FACTUAL AND PROCEDURAL BACKGROUND

A number of years ago, "[d]efendant arrived at what was to be a fistfight between two men over a woman. Just as the fight began, he pulled out a gun and fired eight times, first wounding [one man] and then killing [another]." (*People v. Olivarez* (Jan. 6, 2012, C065061) [nonpub. opn.] (*Olivarez).*) Defendant was subsequently arrested and charged with numerous crimes.

On March 4, 2010, a jury found defendant guilty of murder (§ 187; count 1), attempted murder (§§ 664/187; count 2), and felon in possession of a firearm (§ 12022, subd. (a)(1); count 3). The jury also found true that defendant personally used and personally discharged a firearm as to counts 1 and 2. After finding a strike and two prison priors to be true, the trial court sentenced defendant to an aggregate term of 118 years to life in prison. In 2012, this court affirmed the judgment. (*Olivarez, supra*, C065061.)

On February 25, 2020, defendant filed a form petition for resentencing under section 1170.95. Defendant requested appointed counsel and checked boxes stating, among other things, that he "was not the actual killer" and that he "was convicted of 1st degree murder under the natural and probable consequences doctrine or under the 1st degree felony murder doctrine and [he] could not now be convicted of murder because of changes to Penal Code § 188, effective January 1, 2019." Without receiving a response from the People, and without appointing counsel, the trial court summarily denied the petition, finding: "[Defendant] was convicted as the shooter and actual killer[.] [T]his verdict was upheld on appeal by the Third D.C.A."

This case was fully briefed on April 30, 2021, and assigned to the current panel on July 30, 2021. The parties waived oral argument and the case was submitted September 17, 2021.

DISCUSSION

Defendant contends the trial court erred in summarily denying his resentencing petition without appointing counsel or allowing briefing from both parties. After the close of briefing in this case, on July 26, 2021, our Supreme Court decided *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*), holding that if a defendant files a facially sufficient section 1170.95 petition and requests appointment of counsel, the trial court must appoint counsel and entertain further briefing. (*Lewis,* at pp. 963, 966, 970.)

Thus, the failure to appoint counsel was error. However, as we will explain, the error was harmless because defendant is ineligible for relief as a matter of law.

On September 30, 2018, the Governor signed Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill No. 1437). Senate Bill No. 1437 was enacted to "amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) Effective January 1, 2019, the legislation amended sections 188 and 189.

Senate Bill No. 1437 also authorized, by adding section 1170.95, an individual convicted of felony murder or murder based on the natural and probable consequences doctrine to petition the sentencing court to vacate the conviction and be resentenced on any remaining counts if he or she could not have been convicted of murder because of Senate Bill No. 1437's changes to the definition of the crime. (See *Lewis, supra*, 11 Cal.5th at p. 959; *People v. Gentile* (2020) 10 Cal.5th 830, 843.)

Only after the appointment of counsel and the opportunity for briefing may the trial court consider the record of conviction to determine whether the petitioner makes a prima facie showing that they are is entitled to relief. (*Lewis, supra,* 11 Cal.5th at pp. 970-971.) "The record of conviction will necessarily inform the trial court's prima facie inquiry under section 1170.95, allowing the court to distinguish petitions with

3

potential merit from those that are clearly meritless." (*Id.* at p. 971.) In making its preliminary assessment regarding whether the petitioner would be entitled to relief if their factual allegations were proved, the trial court does not engage in factfinding and must take petitioner's factual allegations as true. (*Ibid.*) " 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Ibid.*)

Here, defendant's petition for resentencing met the requirements for facial sufficiency and he requested counsel. *Lewis* therefore dictates the conclusion that the trial court erred in its summary denial of appellant's petition without first appointing counsel and accepting briefing from both parties. However, the *Lewis* court also concluded the deprivation of a petitioner's right to counsel under subdivision (c) of section 1170.95 is state law error only, tested for prejudice under *People v. Watson* (1956) 46 Cal.2d 818. (*Lewis*, *supra*, 11 Cal.5th at pp. 972-974.) *Lewis* further held that any error in summarily denying a section 1170.95 petition may be harmless unless the petitioner can show " ' "it is reasonably probable that if [they] had been afforded assistance of counsel [their] petition would not have been summarily denied without an evidentiary hearing." ' " (*Lewis,* at p. 974.)

Here, as the trial court observed, the record of conviction unequivocally establishes defendant was the actual killer. (*Olivarez, supra*, C065061.) Accordingly, defendant is ineligible for relief under section 1170.95 as a matter of law. Defendant, therefore, cannot show a reasonable probability that the outcome of the proceeding would have been any different had the trial court appointed counsel and ordered briefing.

## DISPOSITION

The trial court's order is affirmed.

/s/  
Duarte, J.

We concur:

/s/  
Blease, Acting P. J.

/s/  
Robie, J.

5